# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| HERBERT L. JONES, III | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 15-CV-00217-W-FJG ) |
| MKA2 ENTERPRISES, INC. and MKA2 ENTERPRISES, INC. d/b/a INDEPENDENCE HONDA, | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Currently pending before the Court is defendants' Motion to Stay Proceedings Pending Arbitration (Doc. # 5).

Defendants MKA2 Enterprises, Inc. and MKA2 Enterprises, Inc. d/b/a Independence Honda, assert that on May 25, 2012, the parties entered into a written contract whereby MKA2 agreed to sell to plaintiff a 2008 Honda Accord vehicle for the sum of $23,339.97. The contract contains an arbitration clause which states in part that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral binding arbitration and not by a court action." (Doc. # 5, Exh. A).

Plaintiff filed an action in the Circuit Court of Jackson County on February 10, 2015, alleging a violation of the Missouri Merchandising Practices Act, fraud and false imprisonment.  Defendants removed the case to this Court on March 25, 2015. Defendants state that plaintiff's claims fall within the arbitration clause entered into by the parties.  Defendants state that a demand for arbitration was made on July 23, 2012, but plaintiff's counsel disputed the application of the arbitration agreement and refused to submit the matter to arbitration.

In response to the motion to stay, plaintiff states that this case has been included in the Early Assessment Program ("EAP") and plaintiff would like an opportunity to participate in the EAP before arbitration proceedings begin. Plaintiff states that if mediation with the EAP program is unsuccessful, then the parties can engage in arbitration.  In his Reply Suggestions, defendants' counsel states that plaintiff has now apparently acknowledged that the matter should proceed to arbitration.  Defendants' counsel then states, "the FAA requires courts to honor parties' expectation[s] in respect to arbitration and that is what the Defendants in this matter are asking this Court to do. Defendants' counsel has agreed that this matter can be mediated immediately after this Court enters its Order for Stay of Action Pending Arbitration without the necessity of continuing involvement in the Early Assessment Program and Defendants' counsel has even agreed to accept the proposed mediator presented by Plaintiff's counsel.  There would therefore appear to be no reason for delay in ordering a stay and submitting this matter to arbitration since Defendants' counsel has already expressed the agreement to mediate prior to arbitration and has also affirmed the mediator suggested by Plaintiff." (Defendant's Reply Suggestions).

2

> A party may request arbitration of claims when parties have agreed in writing to an arbitration and one party has instead filed its claim in a court. 9 U.S.C. § 4. If the Court determines that the claims are referable to arbitration, then the Court must stay the arbitral claims pending the arbitration. 9 U.S.C. § 3. The federal courts recognize a strong national policy in favor of arbitration. The presumption is that an arbitration agreement will be enforced. . . .Under Eighth Circuit law, [b]efore a party may be compelled to arbitrate under the Federal Arbitration Act, the district court must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement. . . .Moreover, any doubts in construing contract language on arbitrability should be resolved in favor of arbitration.

Santana v. ProEnergy Services, LLC, No. 11-4059-CV-C-NKL, 2011 WL 3023543, *2 (W.D.Mo. July 22, 2011)(internal citations and quotations omitted). See also Robbins v. Kellan Restaurant Management Corp., No. 4:13CV348JCH, 2013 WL 3937388 (E.D.Mo. July 30, 2013); Clements v. Directv, LLC, No. 4:13-CV-4048, 2014 WL 1266834 (W.D.Ark. Mar. 26, 2014).

In the instant case, plaintiff does not argue that the arbitration clause is not applicable, rather only that the parties should participate in the Early Assessment Program first and if that process fails, then proceed to arbitration. However, this is not what the parties agreed to. The Arbitration Clause states in part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Doc. # 5, Exh. A., ¶ 17).

The Agreement does not give the parties the option to first resolve the case through mediation and if that fails then to proceed to arbitration. The clause directs that the

3

parties "shall" resolve their dispute through neutral, binding arbitration. Thus, because the parties did not agree to a "mediate first, arbitrate second" option in the contract, the Court finds that it has no authority to allow the parties to first proceed with mediation before submitting the case to arbitration. As the Court noted in <u>Robbins v. Kellan Restaurant Management Corp.</u>, "[s]ection 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, states that an agreement to arbitrate 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2. This provision reflects the strong federal policy favoring arbitration, and requires courts to enforce arbitration agreements according to their terms." <u>Id</u>. at *2.

Accordingly, the Court hereby **GRANTS** defendants' Motion to Stay Proceedings Pending Arbitration (Doc. # 5). This matter is hereby **STAYED** pending resolution of the arbitration pursuant to 9 U.S.C. § 3. It is further **ORDERED** that the parties shall jointly file status reports with the Court on the progress of the arbitration every sixty days hereafter. The first such report shall be filed on or before **July 27, 2015**.


Date: <u>May 21, 2015</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
United States District Judge