# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| HERBERT L. JONES, III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 15-CV-00217-W-FJG |
| | ) |
| MKA2 ENTERPRISES, INC. | ) |
| and MKA2 ENTERPRISES, INC. d/b/a | ) |
| INDEPENDENCE HONDA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Currently pending before the Court is defendants' Motion to Enter Judgment and Assess Costs (Doc. # 11).

Defendants MKA2 Enterprises, Inc. and MKA2 Enterprises, Inc. d/b/a Independence Honda, asserted that on May 25, 2012, the parties entered into a written contract whereby MKA2 agreed to sell to plaintiff a vehicle for the sum of $23,339.97. The contract contained an arbitration clause which stated in part that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral binding arbitration and not by a court action." (Doc. # 5, Exh. A).

Plaintiff filed an action in the Circuit Court of Jackson County on February 10, 2015, alleging a violation of the Missouri Merchandising Practices Act, fraud and false imprisonment. Defendants removed the case to this Court on March 25, 2015. On May 21, 2015, the Court granted defendants' Motion to Stay Proceedings Pending Arbitration.

On November 2, 2015, an Award of Arbitrator was entered by Arbitrator Truman K. Eldridge, Jr., Esq. The arbitrator entered judgment in favor of defendants and against plaintiff, Herbert L. Jones, III. The Arbitration Award stated that the administrative fees of the AAA totaling $2,200.00 and the compensation of the arbitrator, totaling $1,500.00, were to be borne equally by the claimant and the respondent. The award stated that "[t]herefore, Claimant shall reimburse Respondent the sum of $1,850.00 representing that portion of said fees in excess of the apportioned costs previously incurred by Respondent."

Defendants have requested that the Court in accordance with the Award of the Arbitrator, enter judgment in their favor and award them $1,850.00, as designated by the arbitrator. Plaintiff filed suggestions in opposition to the Motion, stating that the Motion to Enter Judgment was not proper at this time as the Arbitration Award attached to the Motion had not been verified. Defendants filed reply suggestions stating that all necessary documentation required by 9 U.S.C.§ 13 has been submitted. Additionally, defendants stated that notwithstanding the fact that plaintiff cited no law requiring a certified copy of the Award, they have obtained and attached a certified copy of the Award. The certification from the AAA states that November 2, 2015 Arbitration Award entered in connection with File # 01-15-0003-6749, is a true and exact copy of the same

electronic records maintained by the AAA. Defendants state that the cost to obtain this certified copy from the AAA was $100.00. Defendants have requested reimbursement of the cost of obtaining this certification, in addition to the AAA administrative fees and compensation of the arbitrator previously requested.

Accordingly, for good cause shown, defendants' Motion to Enter Judgment and Assess Costs is hereby **GRANTED** (Doc. # 11), and the Clerk of the Court is hereby directed to enter Judgment in favor of MKA2 Enterprises, Inc. and MKA2 Enterprises, Inc., d/b/a Independence Honda in the amount of: $1,850.00, plus the $100.00 AAA certification fee.

Date: March 2, 2016  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge